IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 11 B 03559 |
| STONE GALLERY INTERNATIONAL ) | Hon. Eugene R. Wedoff |
| CORPORATION, ) | Chapter 11 |
| ) | |
| Debtor and Debtor-in-Possession. ) | |

## NOTICE OF MOTION

TO:   See attached service list.

**PLEASE TAKE NOTICE** that on February 7, 2012, at the hour of 10:00 a.m. (Central time), or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Eugene R. Wedoff, United States Bankruptcy Judge, in the courtroom usually occupied by him, Room 744, in the Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, or in his absence, before such judge who may be sitting in his place and stead, and shall then and there present the **Application for Final Allowance and Authorization To Pay Compensation To Debtor's Attorney**, at which time and place you may appear and be heard if you see fit. A copy of the Application is attached hereto and herewith served upon you.

Steven S. Potts (ARDC #6200073)
2349 Walters Avenue
Northbrook, Illinois 60062
(847) 291-6823

CERTIFICATE OF SERVICE

The undersigned attorney certifies under penalty of perjury that he caused a copy of the above notice and referenced application to be served upon the above-named parties via the Court's CM/ECF filing and noticing system before the hour of 4:00 p.m., on January 17, 2012.

 /s/ Steven S. Potts

*In re: Stone Gallery International Corporation*
Case No. 11 B 03559

# SERVICE LIST

U.S. Trustee Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Tina M. Jacobs on behalf of Creditor c/o Tina M. Jacobs Associated Bank, National Association
tjacobs@jonesandjacobs.com

Michael T. Nigro
mike@nigrowestfall.com, peggy@nigrowestfall.com

Peter A Papoutsis on behalf of Creditor Melas Tsalmas Marble, S.P.Ltd.C
papoutsis1@yahoo.com

Jonathan M Weis on behalf of Creditor Vickers Industrial Co., Ltd.
jweis@lgattorneys.com, trubin@lgattorneys.com;pkelly@lgattorneys.com

Shelly A. DeRousse on behalf of Creditor FirstMerit Bank NA
sderousse@stahlcowen.com, cgarcia@stahlcowen.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 11 B 03559 |
| STONE GALLERY INTERNATIONAL | ) | Hon. Eugene R. Wedoff |
| CORPORATION, | ) | Chapter 11 |
| | ) | |
| Debtor and Debtor-in-Possession. | ) | |

**COVER SHEET FOR APPLICATION FOR ATTORNEYS' FEES**

| | |
|---|---|
| NAME OF APPLICANT: | Steven S. Potts, counsel to the Debtor In Possession |
| AUTHORIZED TO PROVIDE PROFESSIONAL SERVICES TO: | Stone Gallery International Corporation, Debtor In Possession |
| DATE OF ORDER AUTHORIZING APPLICANT'S EMPLOYMENT: | February 22, 2011 |
| PERIOD FOR WHICH COMPENSATION IS SOUGHT: | May 1, 2011 through December 29, 2011 |
| AMOUNT OF FEES SOUGHT: | $17,125.00 |
| AMOUNT OF EXPENSE REIMBURSEMENT SOUGHT: | $556.24 |
| AMOUNT OF FEES AND EXPENSES PREVIOUSLY SOUGHT/ALLOWED: | Fees previously sought/allowed: $13,425.00<br>Expenses previously sought/allowed: $272.45 |
| DATE:  January 17, 2012 | /s/ Steven S. Potts_____<br>Steven S. Potts (ARDC #6200073)<br>2349 Walters Avenue<br>Northbrook, IL 60062<br>(847) 291-6823 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 11 B 03559 |
| STONE GALLERY INTERNATIONAL ) | Hon. Eugene R. Wedoff |
| CORPORATION, ) | Chapter 11 |
| ) | |
| Debtor and Debtor-in-Possession. ) | |

**APPLICATION FOR FINAL ALLOWANCE AND AUTHORIZATION TO
PAY COMPENSATION TO DEBTOR'S ATTORNEY**

Steven S. Potts ("Applicant"), counsel to the Debtor In Possession (the "Debtor" or "DIP"), pursuant to Title 11 U.S.C. §330 and Fed.R.Bankr.P. 2016, submits this application for final allowance and authorization to pay compensation to Debtor's attorney, and represents to the Court as follows:

**INTRODUCTION**

1.      This case was commenced by Debtor's voluntary filing of a petition for relief under Chapter 11 of Title 11 U.S.C. (the "Bankruptcy Code") on January 31, 2011 (the "Petition Date").  This is a Small Business Case as defined by §101(51D) of the Bankruptcy Code and Fed.R.Bankr.P. 1020.  The Debtor is an Illinois corporation engaged in the business of sales of marble, granite and other stone products.

2.      By order dated December 13, 2011 and entered December 14, 2011, Debtor's Disclosure Statement was approved and Debtor's Plan of Reorganization (the "Plan") was confirmed.  Pursuant to Art. 8.02 of the Plan the Effective Date of the Plan was December 29, 2011.  Pursuant to Art. 3.02 of the Plan applications for allowance of fees and expenses of Debtor's professionals are required to be filed within thirty (30) days after the Effective Date.

3.      The Debtor has a secured business loan with Associated Bank N.A. (the "Bank"). As of the date of commencement of this case the amount owed by the Debtor to the Bank on account of such loan was approximately $482,000.00 (hereinafter the "Loan"). The Debtor also owes debts for delinquent tax obligations to both the Internal Revenue Service and the Illinois Department of Revenue, each of which are believed to be secured in part by liens filed by such taxing authorities. The commencement of this case was precipitated due to apparent imminent collection action by one or both of the taxing authorities which Debtor believed might have resulted in the sudden and immediate shutdown of its business operations.

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

## BACKGROUND

5.      Applicant's employment as counsel to the DIP was approved by this Court by order dated February 22, 2011 (the "Employment Order"). Pursuant to the Employment Order, Applicant was employed to represent the DIP as general counsel in all matters relating to the commencement and prosecution of the bankruptcy petition and this case.

6.      Applicant has made one previous application for allowance of fees and expenses. By order dated May 25, 2011, Applicant was allowed interim fees in the amount of $13,425.00 plus reimbursement of expenses in the amount of $272.45 for the period from the commencement of this case through April 30, 2011. Since the cutoff date of Applicant's previous application Applicant has advanced without payment all of the fees and expenses required by the DIP to date.

7.      More than 120 days have passed since the date of Applicant's prior fee application and this application is therefore permitted at this time pursuant to §331 of the Bankruptcy Code.

8.      All fees for which allowance is sought were incurred in connection with Applicant's representation of the DIP and were actual, reasonable and necessary for the effective assistance of the DIP in connection with his administration of this case.

9.      At all times during Applicant's representation of the DIP, Applicant was a disinterested person and neither represented nor held an interest adverse to the estate with respect to matters on which Applicant was employed.  Except in connection with his representation of various parties as counsel in bankruptcy cases, Applicant has no connections with the United States Trustee or any person employed in the Office of the United States Trustee.

10.     Applicant certifies under penalty of perjury that no agreement or understanding exists between Applicant and any other person for sharing of compensation prohibited by §504 or any other section of the Bankruptcy Code.

## RELIEF REQUESTED

11.     At this time, Applicant requests final allowance and authorization for the Reorganized Debtor to pay $17,125.00 in final compensation for legal services performed by Applicant on behalf of the DIP for the period beginning May 1, 2011 and ending December 29, 2011, and reimbursement of actual and necessary expenses incurred during such period in the amount of $556.24.

12.     During the period covered by this Application, the services performed by Applicant on behalf of the DIP included but were not necessarily limited to the following:

a) sought and obtained authorization for the DIP to assume its lease for its business premises and to cure a one-month pre-petition default;

b) assisted the DIP in complying with its obligations to pay its secured creditor(s) pursuant to interim cash collateral orders entered from time to time by this Court, and obtained entry of a final cash collateral order;

c) prepared and presented applicant's interim fee application;

 d) assisted the DIP in evaluating proofs of claim filed against the estate, and in negotiating settlements of disputed claims and prosecuting objections to claims, and including but not limited to participating in a contested evidentiary hearing on one such claim objection;

 e) participated in negotiations between the Debtor and the Bank for renewal and/or refinancing of the Bank's secured debt, and including obtaining approval of this Court for the DIP to renew/refinance its secured debt with the Bank;

 f) assisted in formulating and preparation of Debtor's Disclosure Statement and Plan of Reorganization, and successfully obtained court approval of the Disclosure Statement and confirmation of the Plan;

 g) assisted in the preparation and filing of Monthly Operating Reports required to be filed by the DIP in this case; and

 h) assisted and participated in various other matters involving the investigation of the Debtor's assets, liabilities and financial affairs to assist the DIP in performing its official duties and functions pursuant to the Bankruptcy Code and Fed.R.Bankr.P.

13. Attached hereto as an exhibit is an itemized statement ("Time Detail") of the legal services rendered by Applicant during the period beginning May 1, 2011 and ending December 29, 2011. The Time Detail contains a detailed description of the legal services rendered, identifies the persons who performed those services, and sets forth the amount charged for each service performed. The time expended is sub-divided in the Time Detail into eleven categories of services, as follows:

(1) Investigate Possible Assets of the Estate: time expended assisting verifying, determining, and evaluating assets owned by the Debtor, including obtaining and reviewing transactional and corporate documents;

  0.0 hours ............................$   0.00 fees

(2) Preparation of Petition, Schedules, and Other Required Documents: time expended assisting with the preparation and filing of the Debtor's Chapter 11 Petition, Schedules, Statement of Financial Affairs, and Other Documents Required by the Fed.R.Bankr.P. and Local Bankruptcy Rules;

  0.0 hours ............................$   0.00 fees

(3)     Employment and Compensation of Attorneys & Other Professionals:  time expended to obtain authorization for Debtor In Possession's employment of attorney, accountants, and special counsel for collection matters, and seeking allowance and authorization for payment of fees and expenses incurred;

       3.8     hours ..............................$  825.00 fees

(4)     Secured Creditor/Adequate Protection/Financing Issues: time expended in investigating and determining the validity, extent and priority of secured claims against Debtor's property, including reviewing the Bank's loan documents, obtaining and reviewing documents relating to the claims of taxing authorities including liens filed by same; negotiating for and obtaining authorization to use cash collateral during the Chapter 11 reorganization process via motions for interim use; and assisting and participating in negotiations between the Debtor and the Bank and obtaining authorization for renewal/refinancing of Bank debt;

       7.8     hours ..............................$1,925.00 fees

(5)     Sales or Rental of Real Estate:  time expended obtaining and reviewing lease documents, evaluating the terms and status of Debtor's lease of its business premises, researching the effect of §365 on real estate rented by Debtor, communicating with counsel for the Debtor's landlord, and obtaining authority to assume lease;

       4.0     hours ..............................$  975.00 fees

(6)     Liquidation of Personal Property:  time expended assisting with Debtor's efforts to liquidate excess inventory to raise cash to paydown Debtor's delinquent tax debts;

       0.0     hours ... ...........................$     0.00 fees

(7)     Collection of Accounts Receivable:  time expended investigating and assisting in collecting Debtor's accounts receivable, and including assisting with Debtor's investigation and prosecution of a non-dischargeablity action against an account debtor;

       0.4     hours ..............................$    100.00 fees

(8)     Preference & Other Adversary Actions:  time expended investigating and prosecuting possible avoidance claims held by the DIP;

       0.0     hours ..............................$     0.00 fees

(9)     Assist Creditors/Claims Objections: time expended communicating with creditors concerning the case, evaluating and attempting to negotiate resolutions of improper or erroneous proofs of claim, and prosecuting objections to improper or questionable claims;

       21.8     hours ..............................$ 4,775.00 fees

(10) Formulation and Confirmation of Plan & Disclosure Statement: time expended formulating, preparing, and presenting Debtor's Chapter 11 Plan and Disclosure Statement, and including supervising the balloting process, and representing Debtor at combined hearing on Disclosure Statement and Confirmation;

    32.3    hours .............................$ 7,750.00 fees

(11) General Administrative Matters: time expended on general administrative matters and services not amenable to categorization within other categories, including assisting with Debtor's compliance with the U.S. Trustee's Chapter 11 Operating Instructions and compliance with banking and insurance requirements; attendance with the Debtor at the initial debtor interview and creditors' meeting, each conducted by the United States Trustee; and assisting the Debtor and Debtor's accountants with the preparation and filing of required Monthly Operating Reports;

    4.0    hours .............................$ 775.00 fees

14. Applicant's personnel who rendered legal services, the time expended by each person, and each person's hourly rate(s) are as follows:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| Steven S. Potts (SSP), attorney: | 74.1 hrs | @ $250/hr = | $17,125.00* |

*In addition to the legal time for which allowance of compensation is sought Applicant expended 5.6 hours of legal time for which no compensation is sought but which if charged would result in a request for additional compensation in the sum of $1,400.00.

15. Attached and made a part of the Time Detail is an itemized statement of the actual and necessary expenses incurred by the Applicant during the period from May 1, 2011 through December 29, 2011, which total the sum of $556.24, for which allowance and reimbursement is also sought. Each expense for which reimbursement is sought was actually and necessarily incurred in order to assist the Debtor In Possession in the administration of this case. With regard to FAX charges, Applicant makes no charge for outgoing faxes but charges only for incoming faxes which consume as much ink and paper as do photocopies and which are charged at the same rate (.10/page).

16.     Based on the nature, extent and value of services performed by the Applicant, the results achieved, and the cost of comparable services, the compensation and reimbursement of expenses sought are fair and reasonable.

17.     Applicant received no pre-petition retainer in connection with his services rendered or to be rendered in this case.

18.     Applicant believes this Application and the detailed statement attached hereto comport with applicable caselaw regarding compensation of professionals.  In re Continental Illinois Securities Litigation, 962 F.2d 566 (7th Cir. 1992); In re Convent Guardian Corp., 103 B.R. 937 (Bankr.N.D.Ill. 1989); In re Pettibone Corporation, 74 B.R. 293 (Bankr.N.D.Ill. 1987); and In re Wildman, 72 B.R. 700 (Bankr.N.D.Ill. 1987).

## NOTICE

19.     Prior to filing this Application Applicant submitted a copy of the Time Detail to and obtained approval of the Debtor as to all amounts requested herein.  Pursuant to Fed.R.Bankr.P. 2002(a)(6) Applicant served a separate one-page notice of this Application and the hearing to be held hereon upon the U.S. Trustee and all known creditors and parties in interest twenty-one (21) days prior to the hearing set on this Application and filed a certificate of service of same with the Clerk of this Court.  In addition Applicant caused a copy of the entire Application and all exhibits hereto to be served upon the U.S. Trustee and counsel for the Bank and all parties having filed appearances in this case via the Court's CM/ECF filing system. Applicant requests that the notice given be deemed sufficient and that any further notice requirement be waived.

**WHEREFORE,** Steven S. Potts, counsel to the Debtor In Possession, prays this Court to enter an Order substantially in the form attached hereto allowing Applicant final compensation as an administrative expense in the amount of $17,125.00, plus reimbursement of expenses in the

sum of $556.24, for the period from May 1, 2011 through December 29, 2011, authorizing the

Reorganized Debtor to pay Applicant such amounts at this time as an administrative expense

from funds of the estate, and to grant such further relief as this Court deems just and fair.

                                                Respectfully submitted,
                                                Steven S. Potts, Counsel to the Debtor In Possession

                                          BY:/s/ Steven S. Potts
                                             Steven S. Potts

Steven S. Potts (ARDC #6200073)
2349 Walters Avenue
Northbrook, Illinois 60062
(847) 291-6823