IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 11 B 03559 |
| STONE GALLERY INTERNATIONAL ) | Hon. Eugene R. Wedoff |
| CORPORATION, ) | Chapter 11 |
| ) | |
| Debtor and Debtor-in-Possession. ) | |

## NOTICE OF MOTION

TO:    See attached service list.

**PLEASE TAKE NOTICE** that on May 16, 2012, at the hour of 10:00 a.m. (Central time), or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Eugene R. Wedoff, United States Bankruptcy Judge, in the courtroom usually occupied by him, Room 744, in the Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, or in his absence, before such judge who may be sitting in his place and stead, and shall then and there present the Reorganized Debtor's **Motion For Entry Of Final Decree**, at which time and place you may appear and be heard if you see fit.  A copy of the Motion is attached hereto and herewith served upon you.

>Steven S. Potts (ARDC #6200073)
>Steven S. Potts, Attorney At Law
>2349 Walters Avenue
>Northbrook, Illinois 60062
>(847) 291-6823

## CERTIFICATE OF SERVICE

The undersigned attorney certifies under penalty of perjury that he caused a copy of the above notice and referenced motion to be served upon the above-named parties via the Court's CM/ECF filing and noticing system or by first class U.S. Mail (as indicated on the attached service list) before the hour of 4:00 p.m., on May 2, 2012.

>/s/ Steven S. Potts

*In re: Stone Gallery International Corporation*
Case No. 11 B 03559

# SERVICE LIST

<u>Registrants served via CM/ECF:</u>

    U.S. Trustee Patrick S Layng
    USTPRegion11.ES.ECF@usdoj.gov

    Tina M. Jacobs on behalf of Creditor c/o Tina M. Jacobs Associated Bank, National Association
    tjacobs@jonesandjacobs.com

    Michael T. Nigro
    mike@nigrowestfall.com, peggy@nigrowestfall.com

    Peter A Papoutsis on behalf of Creditor Melas Tsalmas Marble, S.P.Ltd.C
    papoutsis1@yahoo.com

    Jonathan M Weis on behalf of Creditor Vickers Industrial Co., Ltd.
    jweis@lgattorneys.com, trubin@lgattorneys.com;pkelly@lgattorneys.com

    Shelly A. DeRousse on behalf of Creditor FirstMerit Bank NA
    sderousse@stahlcowen.com, cgarcia@stahlcowen.com

<u>Creditors and parties in interest served via first class U.S. Mail:</u>

AMB Property II, L.P.
P.O. Box 6110
Hicksville, NY 11802-6110

AMB Property II, L.P.
c/o AMB Property Corporation
6250 North River Road, Suite 1100
Rosemont, IL 60018

Associated Bank N.A.
ATTN: Philip B. Flynn, President
200 N. Adams Street
Green Bay, WI 54307-9006

BNG Granitos Rod. ES 320 - S/N
KM 09 Zona Rural
Barra De Sao Francisc
BRAZIL

Cosmos Granite And Marble
811 Lively Blvd.
Wood Dale, IL 60191

Global Stone Source Inc.
3350 Summer Bay Dr.
Sugar Land, TX 77478

Granisa Poligono Industrial
A Granxa, S/N
P.O. Box 88
36400 Porrino (Pontevedra)
SPAIN

Illinois Dept. Of Employment Security
850 East Madison Street
Springfield, IL 62702-5603

Illinois Department of Revenue
Bankruptcy Unit
ATTN: Richard Vein, Rev. Tax Spec.
100 W. Randolph St., #7-400
Chicago, IL 60601

Imagi-Industria de Marmore Gironda LTDA.
Estrada de Gironda s/n-Gironda
Cachoeiro de Itapemirim, ES
BRASIL

Imagi-Industria de Marmore Gironda LTDA.
c/o CACSI
16011 College Blvd., Suite 101
Lenexa, KS 66219

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Marmi E Graniti D'Italia Sicilmarmi S.P.A.
Via Aurelia Ovest, 271 Massa, MS 54100
ITALIA

Marmi E Graniti D'Italia Sicilmarmi S.P.A.
c/o Quilling Selander Cummisky Lownds
2001 Bryan Street, Suite 1800
Dallas, TX 75201

Marmi Graniti Favorita S.P.A.
Via Fossacan, 10/A 36045 Lonigo, VI
ITALIA

MSI
901 Greenleaf Avenue
Elk Grove Village, IL 60007

Serraria De Marmores Santo Antonio LTDA
Rod. do Contorno Km 2 5-Fazenda Monte Libano
Box 456 Cachoeiro do Itapemirim
ES 29300-000 BRASIL

Shanghai Huizhong Marble Co., LTD.
No.918 Jiaxin Road Jiading Industrial,
Area Shanghai 201818
CHINA

Stocchero Attilio e C. s.r.l.
Viale dell'Industria
84 37020 Volargne Verona
ITALIA

Thecnosteel Import E Export LTDA-ME
Rua Walter De Oliveira
S/N Terreo Gilberto Machado
Cachoeiro De Itapemirim ES 29303420
BRASIL

Treis Marmo S.R.L.
Vial Del Cavatore
10/A 54033 Carrara, MS
ITALIA

Vickers Industrial Co., Ltd 25
Mei-Kong 8th St. Hualien 970
TAIWAN

Vitoria Stone Ind. e Com.S/A R.
Atalydes Moreira Souza
s/n - Lt.11 e 12 - Civit I Serra
ES 29168055 BRASIL

Salvatore Loduca
c/o Stone Gallery International Corp.
1340 West Ardmore Ave.
Itasca, IL 60143

Lee F. DeWald, Esq.
Riebandt & DeWald, P.C.
1237 S. Arlington Heights Road
PO Box 1880
Arlington Heights, IL 60006

Steve D. Corradini, Esq.
Lesher & Corradini, PLLC
5151 E. Broadway, Suite 1510
Tuscon, AZ 85711-3787

Becket & Lee LLP
ATTN: Kristina Reynolds
16 General Warren Blvd.
PO Box 3001
Malvern, PA 19355

Citibank South Dakota NA
ATTN: Beverly Gregg
4740 121st Street
Urbandale, IA 50323

Stephen R. Best, Attorney at Law
2801 Rolido Drive
Suite 117
Houston, Texas  77063

American Express Bank FSB
c/o Thomas A. Lee, III, Esq.
Becket & Lee LLP
PO Box 3001
Malvern, PA 19355

Edward Izzi, CPA
Edward Izzi & Associated, Ltd.
390 E. Devon Avenue, Suite 101
Roselle, IL 60172

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 11 B 03559 |
| STONE GALLERY INTERNATIONAL ) | Hon. Eugene R. Wedoff |
| CORPORATION, ) | Chapter 11 |
| ) | |
| Debtor. ) | |

## MOTION FOR ENTRY OF FINAL DECREE

Stone Gallery International Corporation, Reorganized Debtor, by its attorney, pursuant to §350(a) of Title 11 U.S.C. (the "Bankruptcy Code"), Fed.R.Bankr.P. 3022, and Local Bankruptcy Rule 3022-1, states the following as its motion for entry of final decree:

1.  This case was commenced by Debtor's voluntary filing of a petition for relief under Chapter 11 of Title 11 U.S.C. (the "Bankruptcy Code") on January 31, 2011 (the "Petition Date"). This is a Small Business Case as defined by §101(51D) of the Bankruptcy Code and Fed.R.Bankr.P. 1020. The Debtor (now the Reorganized Debtor) is an Illinois corporation engaged in the business of sales of marble, granite and other stone products.

2.  This Court has jurisdiction over this case pursuant to 28 U.S.C. §§157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

3.  As of the date of commencement of this case Debtor had a secured business loan with Associated Bank N.A. (the "Bank"), the amount due on which was approximately $482,000.00. The Debtor also owed debts for delinquent tax obligations to both the Internal Revenue Service ("IRS") and the Illinois Department of Revenue ("IDOR"), each of which were secured by liens filed with the Dupage County Recorder's Office. The commencement of this

case was precipitated due to apparent imminent collection action by one or both of the taxing authorities which could have resulted in the shutdown of Debtor's operations and liquidation of its assets.

4.     By order entered December 14, 2011, Debtor's Disclosure Statement was approved and Debtor's Plan of Reorganization (the "Plan") was confirmed. Pursuant to Art. 8.02 of the Plan the Effective Date of the Plan was December 29, 2011. In summary the Plan provides that the Bank retained its pre-petition rights against the Debtor and its assets, and for full payment of all administrative claimants, priority claimants, and holders of allowed unsecured claims over a term of up to 60 months. Under the Plan distributions are to be made by class (and pro-rata within each class) on a quarterly basis beginning April 15, 2012. Distributions are to start with the highest priority classes until such classes are paid in full, and then to lower priority classes until those classes are paid in full.

5.     The status of distributions under the Plan is as follows:

**Holders of Unclassified Claims:**

| Type | Amount of Claim | Status of Distribution |
|---|---|---|
| Professional Fees, as approved by the Court | $20,478.84[1] | Paid in full prior to April 15, 2012 |
| Clerk's Office Fees | $0.00 | Paid in full (none known) |
| Office of the U.S. Trustee Fees | $6,825.00 | Paid in full (plus final payment (TBD) to be paid at or before entry of Final Decree) |
| Internal Revenue Service | $72,544.68[2] | Initial distribution ($6,975.13) remitted April 9, 2012 |
| Ill. Dept. of Revenue | $220,060.00 | No distributions due or made to date |

---

[1]  This figure constitutes the aggregate amount of all professional fees allowed by the Court and paid pursuant to the Plan after the Effective Date for services rendered on behalf of the Debtor prior to the Effective Date.

[2]  This figure represents the net amount due on the IRS' claim of $103,233.09 after crediting payments made by the Debtor (~$32,000) during the Chapter 11 period prior to confirmation of the Plan.

**Holders of Claims in Classes 1, 2 and 3:**

| Class # | Description | Impairment | Status of Distribution |
|---|---|---|---|
| 1 | Associated Bank, N.A. | Unimpaired | Lien and all pre-petition rights retained; payments being made as due |
| 2 | Holders of Allowed General Unsecured Claims | Unimpaired | No distributions due or made to date |
| 3 | Equity Claims | Unimpaired | Subject to completion of Plan |

6. Fed.R.Bankr.P. 3022 provides as follows:

   Rule 3022. Final Decree In Chapter 11 Reorganization Case.

   After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case.

7. Local Bankruptcy Rule 3022-1 provides as follows:

   RULE 3022-1 NOTICE TO CLOSE CASE OR ENTER FINAL DECREE IN CHAPTER 11 CASES.

   Unless the court orders otherwise, debtors or other parties in interest moving after chapter 11 plan confirmation either to close the case or enter a final decree shall (1) give notice of such motion to the United States Trustee, any chapter 11 trustee, and all creditors, and (2) state within the notice or motion the actual status of payments due to each class under the confirmed plan.

8. In the case at bar all of the property proposed by the Plan to be transferred has been transferred, the successor to the Debtor under the Plan has assumed the management of all or substantially all of the property dealt with by the Plan, and distributions under the Plan have commenced as set forth above in paragraph 5. Further, the order confirming the Plan has become final and all motions, contested matters, and adversary proceedings have been resolved. The Plan has therefore been substantially consummated within the meaning of §1101(2) of the

Bankruptcy Code. *In re Wade,* 991 F.2d 402, 407 (7th Cir. 1992); I*n re Xpedior, Inc.*, 354 B.R. 210, 219 (Bankr.N.D.Ill. 2006).

9. The Reorganized Debtor submits that the Debtor's estate has been fully administered within the meaning of Fed.R.Bankr.P. 3022 and entry of a final decree is appropriate at this time.

10. Pursuant to Local Bankruptcy Rule 3022-1 this motion was served upon the U.S. Trustee and all known creditors and parties in interest fourteen (14) days prior to the hearing date and a certificate of service has been filed with the Court. The Reorganized Debtor requests that the notice given be deemed sufficient and that further notice be waived.

**WHEREFORE,** Stone Gallery International Corporation, Reorganized Debtor, prays this Court to enter a final decree in this case, and to grant such further relief as this Court deems just and fair.

          Respectfully submitted,
          Stone Gallery International Corporation,
          Reorganized Debtor

          BY:/s/ Steven S. Potts
             Steven S. Potts

Steven S. Potts (ARDC #6200073)
Steven S. Potts, Attorney at Law
Attorney for Reorganized Debtor
2349 Walters Avenue
Northbrook, Illinois 60062
(847) 291-6823